IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

OMAR ORLANDO MELENDEZ ALDAROZO,

    Petitioner,

v.                                      1:26-cv-00737-KG-DLM

KRISTI NOEM, et al.,

    Respondents.

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on Omar Orlando Melendez Aldarozo's Motion for a Temporary Restraining Order ("TRO"), *see* Doc. 6, and the Government's Response, Doc. 2. Petitioner filed a certificate of service demonstrating that he has emailed and faxed the motion to Respondents, *see* Doc. 2, but the Government has not responded.  Because the Court has repeatedly considered the Government's arguments in near-identical cases, a hearing is unnecessary.  The Court grants Petitioner's motion and orders the Government to release him.

## I.    *Background*

Petitioner, a 31-year-old Venezuelan citizen, "entered the United States" in 2024 without inspection or parole and "was placed into removal proceedings."  Doc. 1 at 5; Doc. 1-2 at 2.  He has filed applications for asylum, withholding of removal, and protection under the Convention Against Torture.  Doc. 1 at 4.  An immigration judge ("IJ") "denied that relief and ordered him removed."  *Id.*  Petitioner is "pursuing, or intends to pursue, appellate review of that decision before the Board of Immigration Appeals."  *Id.*  He has no criminal history and has "demonstrated compliance with immigration authorities."  *Id.*

On September 11, 2026, Immigration and Customs Enforcement ("ICE") arrested

Petitioner. *Id.* at 5. An Immigration Judge ("IJ") declined to provide him an individualized custody determination on jurisdictional grounds. *Id.* He remains detained at Otero County Processing Center in New Mexico and seeks immediate release. *Id.* at 4–5.

## II.    Standard of Review

A TRO "preserve[s] the status quo [ante]" before a final decision on the merits. *Resolution Trust v. Cruce*, 972 F.2d 1195, 1198 (10th Cir. 1992). A petitioner seeking a TRO "must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief," and that the balance of equities and public interest favor relief. *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008). "[A]ll four of the equitable factors" should "weigh in" the petitioner's favor, *Sierra Club. v. Bostick,* 539 Fed. App'x 885, 888 (10th Cir. 2013), but "[t]he likelihood-of-success and irreparable-harm factors are the most critical." *People's Trust Fed. Credit Union v. Nat'l Credit Union*, 350 F. Supp. 3d 1129, 1139 (D.N.M. 2018).

## III.    Analysis

For the reasons below, the Court concludes that (A) Petitioner is likely to succeed on the merits of his habeas petition, (B) he will suffer irreparable harm without injunctive relief, and (C) the balance of equities and the public interest favor relief.

### A.    *Petitioner is likely to succeed on the merits of his petition.*

Petitioner is likely to succeed on his claim that his detention is governed by § 1226(a), not the mandatory detention provision of § 1225(b)(2)(A). The Immigration and Nationality Act ("INA") establishes distinct detention regimes depending on whether a noncitizen is "seeking admission" to the United States or has already entered the country. *See Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1225(b)(2)(A) applies to "applicant[s] for admission"

2

who are "seeking admission" and are "not clearly and beyond a doubt entitled to be admitted."

In that circumstance, the statute provides that the noncitizen "shall be detained" during removal

proceedings. § 1225(b)(2)(A). "This provision mandates detention and affords no bond

hearing." *Pu Sacvin v. De Anda-Ybarra*, 2025 WL 3187432, at *1 (D.N.M.). By contrast, §

1226(a) authorizes the arrest and detention, "on a warrant issued by the Attorney General," of

noncitizens "pending a decision on whether [they are] to be removed." § 1226(a). "Under

federal regulations, noncitizens detained under this second detention regime are entitled to

individualized bond hearings at the outset of detention." *Pu Sacvin*, 2025 WL 3187432, at *1.

"Noncitizens who entered the country years earlier are not considered to be 'seeking admission,'

and therefore fall under" § 1226(a), "rather than § 1225(b)(2)(A)." *Id.* at *3; *see also Barco

Mercado v. Francis*, 2025 WL 3295903, at *13 (S.D.N.Y. Nov. 26, 2025) (collecting over 300

consistent district-court decisions nationwide). Here, Petitioner entered the United States in

2024 and was arrested in the interior. Because Petitioner had already affected an entry and was

not seeking admission at the time of his arrest, § 1226(a) governs his detention.

    Petitioner is also likely to succeed on his due process claim. The Fifth Amendment's

Due Process Clause prohibits the Government from depriving any person of "life, liberty, or

property, without due process of law[.]" U.S. Const. amend. V. "Freedom from

imprisonment—from government custody, detention, or other forms of physical restraint—lies at

the heart of the liberty that [the Due Process] Clause protects." *Zadvydas v. Davis*, 533 U.S. 678,

690 (2001). "It is well established that the Fifth Amendment entitles [noncitizens] to due process

of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993); *see also

Zadvydas*, 533 U.S. at 693. Given that § 1226(a) is controlling here, Petitioner "is entitled—as a

right—to an individualized bond hearing." *Cortez-Gonzalez v. Noem*, 2025 WL 3485771, at *5

(D.N.M.).  His detention without such review "constitutes an ongoing violation of [his] right to due process."  *Id.*

### B.    Petitioner will face irreparable harm without injunctive relief.

Petitioner's detention causes irreparable harm because the "infringement of a constitutional right" is per se irreparable harm.  *Free the Nipple*, 916 F.3d at 805.

### C.    The equities and public interest favor relief.

Finally, any burden on the Government to release Petitioner from custody and hold a pre-deprivation hearing is minimal compared to the harm that he suffers in detention.  While the Government has an interest in securing Petitioner's appearance at immigration proceedings, detention has been unnecessary to carry out that interest: Petitioner has complied with immigration conditions, has no criminal history, and has pursued an asylum claim.  Doc. 1 at 5. "Faced with a choice between minimally costly procedures and preventable human suffering," the "balance of hardships tips decidedly in [P]etitioner's favor."  *Melendez Aldarozo v. Andrews*, 2025 WL 1918679, at *7 (E.D. Cal.); *see also Domingo*, 2025 WL 2941217, at *4.  The public interest also weighs in his favor; it is "not in the public's interest to allow unexplained detention."  *Domingo*, 2025 WL 2941217, at *4.

## IV.    Conclusion

This TRO restores and preserves the status quo ante pending further proceedings.  IT IS THEREFORE ORDERED that:

1. Petitioner's request for a Temporary Restraining Order, Doc. 2, is granted.

2. The Government must release him within 24 hours of this order.  Upon release, the Government may not subject him to post-release monitoring or supervision not in place before his detention.

4

3. The Court reserves ruling on the merits of the habeas petition. The Government must respond to the petition within 10 business days of this order.

4. The Government is restrained from redetaining Petitioner unless it demonstrates, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that Petitioner is a danger or flight risk.

5. This order has effect for 28 days for good cause shown. Fed. R. Civ. P. 65(b)(2).

6. Given the important constitutional rights at stake for Petitioner, no bond is required. *See Winnebago Tribe of Nebraska v. Stovall*, 341 F.3d 1202, 1206 (10th Cir. 2003) (district courts have "wide discretion" to determine "whether to require security").

IT IS SO ORDERED.

/s/ Kenneth J. Gonzales_____
CHIEF UNITED STATES DISTRICT JUDGE

- Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.